# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**CODY CHESTNUT**, : CIVIL ACTION NO. 3:18-2373
**Plaintiff**
: (JUDGE MANNION)
v.

**C.O. JOHN SMITH**, *et al.*
**Defendants**

## MEMORANDUM

### I. Background

Cody Chestnut, an inmate confined in the State Correctional Institution, Camp Hill, Pennsylvania, filed the above-captioned civil rights complaint pursuant to 42 U.S.C. §1983. (Doc. 1). He complains of events which occurred at his prior place of confinement, the Lycoming County Prison. *Id.* The named Defendants are the Lycoming County Prison, Warden Kevin Deparlos, Deputy Warden Brad Shoemaker, Supervisor Joshua Rodgers, and former Correctional Officer John Smith. *Id.* The Plaintiff alleges that he was detained in the Lycoming County Prison from June 23, 2017 through June 26, 2017 and again on July 6, 2017. *Id.* He claims that during that time C.O. Smith "made derogatory statements to [him] about his girlfriend" and "about what she may or may not being doing sexually with other men while the Plaintiff was in that jail at that time." *Id.* Plaintiff states that "during these

statements [he] felt defenseless and very hurt and overwhelmed to the point [he] contemplated suicide on multiple occasions." *Id.*

Plaintiff claims that on July 11, 2017, he learned that his "$100,000 bail was pulled earlier that morning" and "all [he] thought about was what CO Smith was saying to [him] on the daily and it took [him] to a state of mind" that "at some point sitting in [his] locked cell [he] wrote a suicide note explaining what CO Smith did to [him]." *Id.* He states that "at roughly 6:00 pm [his] door was opened to get medication" and he "walked up to the 2nd floor and got on the top rail and swan dived to try to kill [himself], with the note of CO Smith's actions drove me to this, by his constant harassment and disrespectful comments." *Id*. Plaintiff states after he was taken to the emergency room, Lt. Rodgers "found the said 'note' which then opened a full investigation for Lt. Rodgers to interview 20 other inmates that night" and that "this whole situation was a result of CO Smith made to quit the very next day." *Id*. Thus, Plaintiff filed the instant action in which he seeks compensatory and punitive damages. *Id*. The required filing fee has been paid. The Court has conducted an initial screen of Plaintiff's complaint

pursuant to 28 U.S.C. §1915(e)[1] and 28 U.S.C. §1915A[2] and for the reasons set forth below, will dismiss the complaint as legally frivolous.[3]

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Title 28 U.S.C. §1915A requires a district court to screen any complaint brought by a prisoner who seeks relief from a government employee for purposes of determining whether, *inter alia*, the complaint fails to present a viable cause of action. This initial screening is to be done as soon as practicable and need not await service of process. 28 U.S.C. §1915A(a).

[3] A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of §1915(e)(2), the former §1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

## II. Discussion

### A. Verbal Harassment

According to the Complaint, Plaintiff was subjected to verbal threats and harassment by Defendant Smith. There is no assertion that any of those purported statements were accompanied by any physical abuse or that there was any instance where Smith subjected Chestnut to excessive use of force. The use of words generally cannot constitute an assault actionable under §1983. *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir.); *Maclean v. Secor*, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); *Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment ... is insufficient to state a constitutional deprivation."); *Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under §1983.").

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. *Balliet v. Whitmire*, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation ..."), aff'd, 800 F.2d 1130 (3d Cir. 1986). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, *see Prisoners' Legal*

*Ass'n*, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause.

Verbal harassment, with some reinforcing act accompanying them, however, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. *See Northington v. Jackson*, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); *Douglas v. Marino*, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife). Moreover, alleged instances of verbal harassment which are not accompanied by any physical contact are constitutionally insufficient. *See Hart v. Whalen,* 2008 WL 4107651 *10 (M.D. Pa. July 29, 2008); *Wright v. O'Hara,* 2004 WL 1793018 *7 (E.D. Pa. 2004) (correctional officer's words and gestures, including lunging at prisoner with a clenched fist were constitutionally insufficient because there was no physical contact).

There is no indication that any of the verbal harassment allegedly voiced against Chestnut by Smith was accompanied by a reinforcing act involving a deadly weapon as contemplated under *Northington* and *Douglas*. More importantly, it is not alleged that the alleged verbal abuse was accompanied by any physically intrusive behavior. Given the circumstances

described by Plaintiff, the purported verbal remarks, although offensive, were not of such magnitude to shock the conscience as contemplated by this Court in *S.M. v. Lakeland School District*, 148 F. Supp.2d 542, 547-48 (M.D. Pa. 2001) and thus, did not rise to the level of a constitutional violation.

## B. <u>Personal Involvement</u>

As noted earlier the named Defendants include Warden Deparlos, Deputy Warden Shoemaker and Supervisor Joshua Rodgers. Despite a liberal review of the *pro se* Complaint, there are no discernible factual allegations set forth in the Complaint which allege that any of those Defendants had personal involvement in any violation of the Plaintiff's constitutional rights.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Federal civil rights claims brought under §1983 cannot be premised on a theory of respondeat superior. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v, Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesbura Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs.... [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207.

In the present case, there are no factual assertions set forth which could support a claim that either Warden Deparlos, Deputy Warden Shoemaker, or Supervisor Joshua Rodgers, had any personal involvement in any acts of constitutional misconduct. Accordingly, it appears that Chestnut is attempting to establish liability against those two officials solely based of their respective supervisory capacities. Accordingly, under the personal involvement pleading requirements of *Rode*, dismissal will be granted in favor of Defendants Deparlos and Shoemaker.

### III. Conclusion

Since Chestnut's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. *See Wilson v. Rackmill*, 878 F.2d 772, 774 (3rd Cir. 1989).

An appropriate order shall follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 18, 2019**
K:\CIVIL MEMORANDA\2018 MEMORANDA\18-2373-01.docx